**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE DANIEL,

Plaintiff-Appellant,

v.

JOSEPH RICHARDS; et al.,

Defendants-Appellees.

No. 15-15917

D.C. No. 3:13-cv-02426-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

George Daniel appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging unlawful seizure, excessive force, and

unconstitutional county policies.  We have jurisdiction under 28 U.S.C. § 1291.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Daniel's requests for oral argument, set forth in his opening brief and reply brief, are denied.

We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Daniel's unlawful seizure claim against defendants Officer Richards and Officer Hawks because Daniel failed to raise a genuine dispute of material fact as to whether those defendants arrested him without probable cause. *See Edgerly v. City & County of San Francisco*, 599 F.3d 946, 953-54 (9th Cir. 2010) (probable cause exists when facts and circumstances within the officer's knowledge "were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense," and the offense need not be the stated reason for arrest).

The district court properly granted summary judgment on Daniel's excessive force claim against Officer Richards and Officer Hawks because Daniel failed to raise a genuine dispute of material fact as to whether those defendants' actions were objectively reasonable in light of the facts and circumstances. *See Hooper v. County of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011) (stating the test for excessive force).

The district court properly granted summary judgment on Daniel's excessive force claim against defendants Sheriff Freitas and Assistant Sheriff Walker

because Daniel failed to raise a genuine dispute of material fact as to whether those defendants were personally involved in the constitutional deprivation, there was a sufficient causal connection between those defendants' conduct and the constitutional deprivation, or those defendants implemented a constitutionally deficient policy. *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (supervisory liability under 42 U.S.C. § 1983 exists if supervisor was personally involved or there is a sufficient causal connection); *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995) (supervisory liability under 42 U.S.C. § 1983 exists when a supervisory official implements a policy "so deficient that the policy itself is a repudiation of constitutional rights").

The district court properly granted summary judgment on Daniel's claim related to his bail as to Sheriff Freitas and Assistant Sheriff Walker because Daniel failed to raise a genuine dispute of material fact as to whether those defendants personally participated in the constitutional deprivation or there was a sufficient causal connection between those defendants' conduct and the constitutional deprivation. *See Starr*, 625 F.3d at 1208.

The district court properly granted summary judgment on Daniel's *Monell v. Department of Social Services*, 436 U.S. 658 (1978) claims because he failed to

15-15917

establish any underlying constitutional violation or demonstrate an established custom or policy. *See Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997) (municipal defendant can only be liable under § 1983 if actions were taken pursuant to custom or policy); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (must establish underlying harm for *Monell* liability).

The district court did not abuse its discretion in denying leave to amend. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (setting forth standard of review and noting that such a motion may be denied if it would produce an undue delay in the litigation).

We do not consider matters that have not been specifically and distinctly raised and argued in an appellant's opening brief or that were not raised below. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**